UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00174-LLK

KIMBERLY M. GUPTON                                                                                    PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 13 and 16. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 11.

Because the administrative law judge's (ALJ's) decision was supported by substantial evidence in the administrative record and was in accord with applicable legal standards, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Background facts and procedural history**

In August 2014, Plaintiff filed an application for disability insurance benefits. She alleges that she became disabled on March 1, 2013.

Physically, Plaintiff suffers, among other things, from cervical degenerative disc disease with history of discectomy and fusion procedure, lumbar degenerative disc disease, thoracic ankyloses, and kyphosis. Administrative Record (AR), p. 50.

An x-ray of the lumbar spine from May 2014 was interpreted by Kara Gilkey, M.D., as showing "degenerative changes particularly L2-3." AR, p. 384.[1]

In October 2015, Plaintiff was examined at the request of the Commissioner by Edgar Lopez-Suescum, M.D. Dr. Lopez-Suescum's narrative report is at AR, pp. 409-413.

In January 2015, based in part on the findings of Drs. Gilkey and Lopez-Suescum, the non-examining state-agency program physician, Donna Sadler, completed (or signed off on) a Physical Residual Functional Capacity (RFC)[2] Assessment, indicating that Plaintiff is able to perform a limited range of light work.[3] AR, pp. 147-149, 154.

An MRI of the lumbar spine from July 2015 was interpreted by Jason White, M.D., as showing "multi-level hypertrophic discogenic disease, most significant at T12-L1 where there is a large disc herniation resulting in mild central stenosis." AR, p. 554.[4]

In September 2015 (after the administrative hearing in August 2015), Plaintiff obtained a consultative report from neurosurgeon Vaughan Allen, M.D. Physical examination revealed essentially normal findings except Plaintiff has "1+ knee, absent ankle," which Plaintiff interprets to mean that she exhibited "diminished reflex in the knee and absent reflex in the ankle." AR, p. 626; Docket 13, p. 4. Dr. Allen's impression was low back pain and radicular leg pain. AR, p. 626. His plan was epidural steroid injections (ESIs). *Id.* His interpretation of the July 2015 MRI was that Plaintiff has "pretty significant multilevel degenerative disc disease with varying degrees of foraminal pathology and some degree of canal narrowing." AR, p. 625. He did not offer an opinion concerning Plaintiff's RFC.

---

[1] Additionally, Dr. Gilkey found "minimal scoliosis of the lumbar spine. There is disc space narrowing, osteophyte formation and discogenic sclerosis at L2-3. There is milder disc space narrowing and osteophyte formation at L1-2 and L3-4. There are facet degenerative changes particularly at L5-S1." AR, p. 384.
[2] RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1).
[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, with intermittent sitting during the remaining time. Social Security Ruling (SSR) 83-10, 1983 WL 31251.
[4] More specifically: "The T12-L1 level demonstrates moderate disc space narrowing with a large right paracentral disc herniation with disc material measuring 1.3 cm in craniocaudal dimension x 6 mm in AP dimension and does contact the anterior margin of the cord and does result in displacement without significant cord compression. AP canal diameter is narrowed to 7.5 mm. Foramen are patent." AR, p. 553.

The ALJ found that, although she cannot perform her past relevant work, Plaintiff retains the ability to perform a significant number of light jobs in the national economy. AR, p. 61. In finding that Plaintiff has an RFC for light work, the ALJ gave "great weight" to Dr. Sadler's RFC Assessment. AR, p. 56. In giving "great weight" to Dr. Sadler's RFC, the ALJ observed that the "objective findings [including the x-ray and MRI findings] have generally been mild." *Id.*

Alternatively, the ALJ found that a significant number of jobs are available in the national economy "even if [Plaintiff is] limited to sedentary work[5]" and "even if [she is] limited to no forward reaching." AR, p. 61.

**Plaintiff's argument identifies, at worst, a harmless error.**

Plaintiff argues that the ALJ's finding that she can perform light work (based on acceptance of Dr. Sadler's January 2015 RFC Assessment) is unsupported in light of the subsequent MRI findings from July 2015 and Dr. Allen's findings from September 2015.

"No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006) quoting *Fisher v. Sec'y*, 869 F.2d 1055, 1057 (7th Cir. 1989).

The ALJ found, in the alternative, that a significant number of jobs are available in the national economy "even if [Plaintiff is] limited to sedentary work" and "even if [she is] limited to no forward reaching." AR, p. 61. Assuming (for the sake of argument) that one accepts Plaintiff's argument that the findings from the MRI and Dr. Allen preclude light work, Plaintiff has neither alleged nor shown that these findings preclude sedentary work with no forward reaching. Plaintiff's argument, therefore, identifies, at worst, a harmless error.

---

[5] Sedentary work involves lifting no more than 10 pounds at a time with occasional lifting/carrying of articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a). The full range of sedentary work requires sitting for a total of approximately 6 hours of an 8-hour workday, with standing/walking during the remaining time. Social Security Ruling (SSR) 83-10, 1983 WL 31251.

**Plaintiff's argument is without merit.**

As indicated above, Plaintiff's argument focuses on the ALJ's reliance on Dr. Sadler's RFC Assessment and the fact that it did not take into account the subsequent findings from the MRI and Dr. Allen.

The argument is without merit for four reasons.

First, it is not apparent that the MRI findings were significantly different from (or more limiting than) the x-ray findings,[6] and Dr. Allen's findings are consistent with Dr. Sadler's.

Second, except for Dr. Salder's opinion, there is no medical opinion in the administrative record concerning Plaintiff's RFC. Plaintiff carries the burden of proving a disabling RFC. See 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled") and 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your [RFC]").[7]

Third, "[t]here will always be a gap between the time the agency experts review the record and give their opinion … and the time the hearing decision is issued." *Kelly v. Comm'r*, 314 F. App'x 827, 831 (6th Cir. 2009). "Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand." *Id.* Plaintiff must show that "the evidence submitted after the state agency assessment … fatally undermine[s] the

---

[6] Neither Plaintiff nor this Court is qualified to interpret raw medical findings in functional terms. *See Fensterer v. Comm'r*, No. 12-13166, WL 4029049, at *10 (E.D. Mich. Aug. 7, 2013) quoting *Nguyen v. Sec'y*, 172 F.3d 31, 35 (1st Cir. 1999) (Reviewing courts are "simply not qualified to interpret raw medical data in functional terms").

[7] Although the administrative record contains raw medical findings, they are not a substitute for a medical opinion. *See Wycoff v. Comm'r*, No. 1:13-cv-641, WL 6685077, at *8 (S.D. Ohio Nov. 25, 2014) quoting 20 C.F.R. § 404.1527(a)(2) (Treatment notes do not qualify as medical opinions unless they "reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

accuracy of that assessment." *Id.* The findings from the MRI and Dr. Allen do not fatally undermine the accuracy of Dr. Sadler's assessment.[8]

Fourth, Plaintiff essentially asks the Court to re-weigh the evidence the ALJ considered and reach a different conclusion concerning her RFC. Even if the Court were inclined to reach such a conclusion, this would not necessarily warrant a disturbance of the ALJ's decision. *See Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**Plaintiff's remaining arguments are unpersuasive.**

Plaintiff argues that the ALJ erred in claiming to give great weight to Dr. Sadler's findings, yet omitting Dr. Sadler's findings that she can only occasionally balance and needs to avoid concentrated exposure to extreme heat, humidity, and vibration. AR, pp. 56, 148, and 149. Any error was harmless because the jobs the ALJ found Plaintiff can perform do not require balancing or exposure to heat, humidity, and vibration.[9]

Finally, Plaintiff argues that the ALJ erred in attempting to support acceptance of Dr. Sadler's findings by reference to her testimony that she experienced improvement in her cervical pain since surgery and that she performs a variety of daily activities. AR, p. 56. In light of Plaintiff's burden of proof and the absence of any competing medical opinion concerning her RFC, the ALJ's reasons for giving great weight to Dr. Sadler's opinion were adequate.

---

[8] While the ALJ's decision does not explicitly reference Dr. Allen's findings, "[a]n ALJ need not discuss every piece of evidence in the record for his decision to stand." *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. 2004). There was no reversible error because Dr. Allen's findings do not preclude light and/or sedentary work.

[9] The jobs in question are cleaner, weigher, labeler/marker. The requirements of these jobs are described in the Dictionary of Occupational Titles (DOT) 323.687-014, 1991 WL 672783; 299.587-010, 1991 WL 672639; and 209.567-014, 1991 WL 671794.

**ORDER**

Therefore, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.